1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JOHN METCALF,                                    CASE NO. 11-CV-563 MMA (POR)

12                               Plaintiff,          **ORDER GRANTING DEFENDANT
                                                     SELECT PORTFOLIO**
         vs.
13                                                   **SERVICING INC.'S MOTION TO
                                                     DISMISS**
14  SELECT PORTFOLIO SERVICING, INC.,
                                                     [Doc. No.4]
15                               Defendant.

16

17          Before the Court is Defendant Select Portfolio Servicing, Inc.'s ("SPS") motion to dismiss

18  Plaintiff John Metcalf's ("Plaintiff) Complaint.  SPS moves to dismiss under Federal Rule of Civil

19  Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative,

20  a motion under Rule 12(e) for an order requiring Plaintiff provide a more definite statement.  [Doc.

21  No. 4.]  For the following reasons, the Court **GRANTS** SPS's motion to dismiss.

                                        **BACKGROUND**
22
            Plaintiff filed the Complaint in state court, alleging violations of the federal Real Estate
23
    Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, Fair Credit Reporting Act, 15 U.S.C.
24
    § 1681 *et seq.,* and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1
25
    *et seq.*  [Doc. No. 1.]  Plaintiff alleges, *inter alia*, SPS failed to respond to a purported Qualified
26
    Written Request under RESPA and that SPS reported negative information to credit bureaus.  [Id.]
27
            On March 22, 2011, SPS removed the action to this Court. [Id.] On March 29, 2011, SPS filed
28
    the present motion to dismiss, accompanied with a request for judicial notice.  [Doc. No. 4] Under

                                              - 1 -                                    11cv563

1   Local Civil Rule 7.1(e)(2), Plaintiff's response was due by April 26, 2011.  Plaintiff did not file a

2   response to SPS's motion.  The Court took this matter under submission and vacated the hearing

3   scheduled for May 10, 2011 pursuant to Civil Local Rule 7.1.d.1.

### DISCUSSION

5          A district court may properly grant an unopposed motion to dismiss pursuant to a local rule

6   where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See,*

7   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  In exercising its discretion to dismiss an action for

8   failing to comply with a district court's local rules, a court is "required to weigh several factors: '(1)

9   the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

10  (3) the risk of prejudice to the defendant[]; (4) the public policy favoring disposition of cases on their

11  merits; and (5) the availability of less drastic sanctions.'" *Id.*

12         Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the

13  manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that

14  motion or other request for ruling by the court."  Plaintiff was required to file his response in

15  opposition or statement of non-opposition on or before April 26, 2011.  To date, Plaintiff has not

16  responded.  Plaintiff's failure to comport with this Court's filing requirements impede the Court's

17  ability to expedite resolution of this action.  Such non-compliance inherently delays resolution of the

18  case and insures to the detriment of the public.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

19  2002).  Thus, the first and second factors weigh in favor of dismissal.

20         The third factor "is related to the strength of the plaintiff's excuse for the default, if any." *Saba*

21  *v. Caplan*, 2010 WL 4235473 *1 (N.D. Cal. Oct.21, 2010); *Yourish v. California Amplifier*, 191 F.3d

22  983, 991 (9th Cir. 1999).  Plaintiff does not offer any "excuse" for his non-compliance, nor is any

23  apparent from the record.  Thus, the third factor weighs in favor of dismissal.

24         As to the fourth factor, public policy generally favors disposition of cases on their merits.  *See*

25  *e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  This policy lends little

26  support, however, to a party responsible for moving a case forward but whose conduct impedes

27  progress in that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  A case cannot move

28  toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e)

1  motion.

2       Finally, the availability of less drastic sanctions does not necessitate such sanctions be

3  employed here.  Because at least three of the factors strongly support dismissal, on balance, dismissal

4  is an appropriate sanction in this case.  *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir.

5  1998).  In sum, after weighing the relevant *Ghazali* factors, the Court exercises its discretion and finds

6  Plaintiff's failure to respond constitutes consent to granting SPS's  motion to dismiss. Based on such

7  grounds, consideration of SPS's request for judicial notice is unnecessary

8                                        **CONCLUSION**

9       Accordingly, the Court **GRANTS** SPS's Motion to Dismiss Plaintiff's Complaint. [Doc. No.

10  4.]  Plaintiff's Complaint is **DISMISSED** without prejudice.

11       **IT IS SO ORDERED**.

12

13  DATED: May 9, 2011

14                                       Hon. Michael M. Anello
                                         United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28